IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ALAN THOMPSON,                      :
                                            :
    Petitioner                           :
                                            :
  v.                                        :   CIVIL NO. 4:14-CV-01160
                                            :
MICHAEL OVERMEYER, et al.                   :   (Judge Brann)
                                            :
    Respondent                           :

## MEMORANDUM

Petitioner Michael Allen Thompson has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction by the Court of Common Pleas for York County, Pennsylvania. (Doc. 1). For the reasons set forth below, the petition will be dismissed as untimely.

## I.   Background

The following background is taken from the Pennsylvania Superior Court's November 29, 2010 Opinion affirming Thompson's conviction. (Doc. 9, Ex. 1, p. 163).

> This case arises out of [Thompson] shooting a six-point buck in Seven Valleys, York County on December 1, 2008, and a spike buck (single point antlers) in Glen Rock, York County on December 3, 2008. At trial, the parties stipulated that [Thompson] was "statutorily prohibited" from possessing a firearm. After a two-day trial, the jury found [Thompson] guilty of possessing a rifle and using it to kill a buck on December 1, 2008, but not guilty of possessing a rifle and using it to kill a spike buck on December 3, 2008. The trial court found [Thompson] guilty of the summary offenses of unlawful

devices and methods, shooting on or across highways, loaded firearms
in vehicles, false or fraudulent statements on reports, and unlawful
taking or possession of game or wildlife. The trial court sentenced
[Thompson] on December 7, 2009, to an aggregate term of
incarceration of five years to ten years.

(internal citations omitted).

After his conviction, Thompson filed an appeal with the Pennsylvania
Superior Court on April 7, 2010.  Id.  The Pennsylvania Superior Court affirmed
Thompson's conviction and sentence on November 29, 2010.  Id. at 166.
Thereafter, Thompson filed a timely petition for allowance of appeal with the
Supreme Court of Pennsylvania, which was denied on June 8, 2011.  Id. at 180.

On April 29, 2013, Thompson filed a petition under Pennsylvania's Post
Conviction Relief Act ("PCRA"), a petition that was subsequently amended three
times.  Id. at 181, 218, 233, 256.  On August 26, 2013, the PCRA Court denied
Thompson's petition, concluding, inter alia, that the petition had not been filed in a
timely manner.  Id. at 254-55, 280.  Thompson appealed this decision to the
Pennsylvania Superior Court.  Id. at 404.  On May 16, 2014, the Pennsylvania
Superior Court affirmed the PCRA Court's dismissal of Thompson's petition,
likewise concluding that the petition was untimely.  Id. at 408.

On June 17, 2014, Thompson filed a petition for writ of habeas corpus
before this Court, putting forth twenty alleged errors.  (Doc. 1).  On August 18,
2014, Respondents filed a response arguing that the petition is time-barred or, in

2

the alternative, that Thompson failed to exhaust his state court remedies.  (Doc. 9).

Thompson filed a traverse on September 9, 2014, rendering this matter ripe for

disposition.  (Doc. 12).

## II.   Discussion

### A.   Petition is Statutorily Time-Barred

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §

2254 must adhere to the statute of limitations provided in the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA created a one year

statute of limitations which begins to run on:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right had been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1). The statute further provides that

> The time during which a properly filed application for State post
> conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Consequently, the one year statute of limitations for filing

a habeas corpus petition generally begins to run when direct review processes are

concluded.  See, Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

Section 2244(d)(2) tolls the statute of limitations only for the time during

which a "properly filed application" for post conviction relief is pending in state

court.  A "properly filed application" for post conviction relief under § 2244(d)(2)

"is one submitted according to the state's procedural requirements, such as rules

governing the time and place of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d

Cir. 1998).  An application is "pending" during the time in which a petitioner may

seek discretionary state court review, whether or not such review is sought.

Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

Thompson was convicted of weapons offenses on October 14, 2009, and was

sentenced on December 7, 2009.  (Doc. 9, Ex. 1, p. 163).  Thereafter, on June 8,

2011, the Supreme Court of Pennsylvania affirmed Thompson's conviction.  Id. at

180.  Thompson's judgment of sentence became final ninety days later on

September 6, 2011, when he failed to appeal the decision to the United States

Supreme Court.

Thompson did not file a PCRA petition until April 29, 2013, 601 days after

judgment of sentence became final.  Id. at 181.  During the period between

4

Thompson's judgment becoming final and his filing a PCRA petition, the statute of limitations continued to run, and lapsed on September 5, 2012 without Thompson having filed a petition for writ of habeas corpus.

Thompson argues that, pursuant to Section 2244(d)(2), the AEDPA's statute of limitations was tolled while he sought to exhaust remedies in state court. (Doc. 12). However, the filing of a PCRA petition will only operate to toll the AEDPA's statute of limitations if the PCRA has been timely filed. Lovasz, 134 F.3d at 148. In this instance, Thompson's PCRA petition was not timely filed, and therefore did not toll the statute of limitations. (Doc. 9, Ex. 1, pp. 254-55, 408). Consequently this habeas petition is barred by the statute of limitations unless subject to tolling or an equitable exception.

## B.    Tolling Procedures

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003). Therefore, Thompson's petition must be examined to determine if principles of statutory or equitable tolling would result in his petition being filed in a timely manner.

### 1.    *Statutory Tolling*

Here, statutory tolling does not operate to extend the statute of limitations pursuant to 28 U.S.C. §2244(d)(1). Giving liberal reading to Thompson's petition

and accompanying memoranda, it appears that he argues one statutory exception to the statute of limitations is present; an impediment prevented him from filing a timely petition.  (Docs. 1, 4, 12).

    a.  <u>Impediment to Filing an Action</u>

Thompson argues that, as a result of the actions of the state court and his appellate attorney, he was "lost in the system" and was deprived of his ability to file a timely petition.  (Docs. 1, 4).  Thompson alleges that his attorney failed to file a PCRA petition as promised, and failed to inform Thompson that his petition for allowance of appeal with the Supreme Court of Pennsylvania had been denied.  <u>Id.</u>  Thompson further contends that he had been released on bail pending appeal, and the trial court waited more than one year to revoke his bail.  <u>Id.</u>  Thompson appears to argue that he was unaware his petition had been denied, and could not have discovered this through due diligence and thus, this delay in filing should be excused.  <u>Id.</u>  Thompson's claim is ultimately unconvincing.

While Thompson asserts that the actions of his attorney and the trial court deprived him of his ability to file a timely PCRA, the record contradicts such an assertion.  As an initial matter, the statutory exception to the AEDPA's statute of limitations applies only to state action that creates an impediment to filing a petition.  28 U.S.C. § 2244(d)(1)(B).  Thompson's attorney was a private

individual, and therefore any action on his part that impeded Thompson's ability to file an action would not toll the statute of limitations.

Even assuming that the actions of Thompson's attorney could serve as a basis for tolling the statute of limitations, Thompson admits that he was notified of the Supreme Court of Pennsylvania's decision approximately six months after it denied Thompson's petition for allowance of appeal.  (Doc. 9, Ex. 1, p. 346). Furthermore, Thompson admits that his attorney informed him in July of 2012 that he could not and would not help Thompson file a PCRA petition.  Id. at 347.  Thus, accepting Thompson's statements as true, he still had approximately two months to file a PCRA petition, but waited nearly two years to do so.  Id. at 181.  Viewed in this light, it cannot be said that the actions of Thompson's attorney impeded him from filing either a timely PCRA petition or a timely habeas petition.

Additionally, the actions of the state court did not impede Thompson's ability to file an action.  Although the sentencing court did not revoke Thompson's bail for more than one year after his petition for allowance of appeal was denied, id. at 271, this did not prevent him from filing a timely petition.  The trial court entered an Order on July 16, 2012 directing Thompson to report for custody.  Id. This Order confirmed that Thompson had "exhausted his direct appeal rights and his conviction remain[ed] affirmed[.]"  Id.  Thus, this Order unambiguously notified Thompson that his petition to the Supreme Court of Pennsylvania had

been denied.  At that point in time, Thompson still had approximately seven weeks before the deadline lapsed to file either a PCRA petition or a habeas petition. Thompson filed neither until approximately nine months had elapsed.  Id. at 181. Therefore, the state action did not impede Thompson's ability to file a petition, and Section 2244(d)(1)(B) does not render this petition timely.

b.  Remaining Statutory Exceptions

Neither of the two remaining statutory exceptions to the statute of limitations would render the petition timely in this instance.  Thompson has presented no argument that his petition was timely filed due to a constitutional right that was newly recognized by the Supreme Court, nor is there any basis for such an argument.  Furthermore, Thompson has presented no new claims or factual predicates that were not previously discoverable through the exercise of due diligence.  As a result, statutory tolling provides no relief to Thompson.

2.  **Equitable Tolling**

The AEDPA's statute of limitations may be tolled "when the principles of equity would make the rigid application of a limitation period unfair."  Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)) (internal quotation marks omitted).  See also, Holland v. Florida, 560 U.S. 631, 645 (2010).

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v DiGuglielmo, 544 U.S. 408, 418 (2005)).  The United States Court of Appeals for the Third Circuit has identified three circumstances in which equitable tolling is warranted: (1) the respondents "actively misled" the petitioner, (2) the petitioner was "in some extraordinary way" prevented from asserting his or her rights, or (3) the petitioner has mistakenly, but timely, asserted his or her rights in an incorrect forum.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).  The petitioner bears the burden of demonstrating that equitable tolling is warranted.  Pace, 544 U.S. at 418.

The Third Circuit has cautioned that "a court should be sparing in its use of" equitable tolling.  Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  Furthermore, equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  There are no bright line rules in determining when equitable tolling is warranted, and courts should "favor flexibility over adherence to mechanical rules."  Ross, 712 F.3d at 799 (citing Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011); Holland, 560 U.S. at 649-50).

9

The principles of equitable tolling are not applicable here.  First, Thompson does not allege that he has been actively misled by Respondents, and the record reflects no basis for the argument.  (See, docs. 1, 4, 12).  Second, there is no evidence that Thompson was prevented in any extraordinary manner from exercising his rights.  Id.  Although Thompson alleges that the actions of his attorney and the state trial court interfered with his ability to file a petition, as discussed previously, any purported interference ended well before the expiration of the one year statute of limitations.  Consequently, Thompson could have filed a timely PCRA petition, thereby tolling the statute of limitations, or could have filed a timely habeas petition, but chose neither option.  Finally, Thompson has never asserted his rights in the wrong forum.  Id.

Between September, 2011 when his sentence became final and April 2013 when he filed his PCRA petition, Thompson was not diligently pursuing his rights, and no extraordinary circumstances appear to have stood in the way of him filing a timely petition.  Holland, 560 U.S. at 649.  The record is devoid of any indication that equitable tolling is warranted, and therefore Thompson's petition is barred by the statute of limitations unless an equitable exception applies.

## C.   Equitable Exception

Lastly, Thompson appears to argue that his failure to file a timely habeas petition should be excused due to actual innocence.  (Doc. 12).  An equitable

exception to the AEDPA's statute of limitations exists where a petitioner

demonstrates, in his or her first habeas petition, that a "miscarriage of justice" has

occurred.  McQuiggin v. Perkins, 133 S.Ct. 1924, 1934 (2013).  An equitable

exception does not extend a statute of limitations, but will instead "override the

statute of limitations when actual innocence is shown."  Id. at 1931 (citing Rivas v.

Fischer, 687 F.3d 514, 547, n. 42 (2d Cir. 2012)).

To establish that a "miscarriage of justice" has occurred, the petitioner must

show that a constitutional error occurred and, absent this error, "it is more likely

than not that no reasonable juror would have convicted [the petitioner]."  Id. at

1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  The Supreme Court has

emphasized that such a claim must be supported by "new reliable evidence—

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence—that was not presented at trial.  Because such evidence

is obviously unavailable in the vast majority of cases, claims of actual innocence

are rarely successful."  Schlup, 513 U.S. at 324.

While Thompson alleges actual innocence, he has failed to provide any new,

reliable evidence that would support such a claim.  Id.  All evidence cited to by

Thompson in his habeas petition and supporting briefs existed at the time of his

trial.  (Docs. 1, 4, 12).  Therefore, this evidence cannot form the basis of an

equitable exception to the AEDPA's statute of limitations.  Schlup, 513 U.S. at

324, 327.  Consequently, no exception or exclusion to the statute of limitations exists, and Thompson's petition is barred by the statute of limitations.

## III.   **Certificate of Appealability**

When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should be issued if "jurists of reason" would find that: (1) it is debatable whether the petition states a valid claim for the denial of a constitutional right, and (2) it is debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, Thompson clearly filed his habeas petition after the statute of limitations expired.  He has failed to produce sufficient evidence to demonstrate that statutory or equitable tolling is warranted, and has produced no new evidence to support an equitable exception to the statute of limitations.  As a result, a certificate of appealability will not be issued.

**IV.    <u>Conclusion</u>**

A review of the record reveals that Thompson has not filed his petition for a writ of habeas corpus in a timely manner, and his petition will therefore be dismissed.

An appropriate Order will follow.


BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge


Dated: January 27, 2015